UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SOUTHERN REHABILITATION GROUP, P.L.L.C. | ) | |
| dba OCCUPATIONAL, ALTERNATIVE & | ) | |
| REHABILITATIVE SERVICES, P.C., and | ) | |
| JAMES P. LITTLE, M.D., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Docket No. 2:09-cv-226 |
| | ) | |
| KATHLEEN SEBELIUS, Secretary of the United | ) | |
| States Department of Health and Human Services; | ) | |
| CIGNA GOVERNMENT SERVICES, LLC; | ) | |
| CIGNA HEALTHCARE OF TENNESSEE, INC.; | ) | |
| COMPUTER SCIENCES CORPORATION | ) | |
| dba ADVANCEMED; and | ) | |
| Q2 ADMINISTRATORS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER

Defendants, by and through the United States Attorney for the Eastern District of

Tennessee, hereby answer the Amended Complaint.

First Affirmative Defense

The final decision of the Secretary, issued by the Medicare Appeals Council on August

14, 2009, comports with the applicable legal standards and is supported by substantial evidence

in the Administrative Record. Accordingly, the final decision of the Secretary should be

affirmed.

Second Affirmative Defense

The Secretary is the sole properly-named defendant in a civil action such as the instant

civil action. See 42 U.S.C. § 1395ff(b)(1)(A), 42 C.F.R. § 405.1136(d); also see 42 C.F.R. §

421.5(b).

Third Affirmative Defense

Except for the purpose of judicial review of the final decision of the Secretary, see 42 U.S.C. § 1395ff(b)(1)(A), the Court lacks subject matter jurisdiction over the Amended Complaint. Defendants have concurrently filed a Motion to Dismiss Amended Complaint in part.

Fourth Affirmative Defense

Except insofar as the Amended Complaint seeks judicial review of the final decision of the Secretary, see 42 U.S.C. § 1395ff(b)(1)(A), the Amended Complaint fails to state a claim upon which relief can be granted. Defendants have concurrently filed a Motion to Dismiss Amended Complaint in part.

Answering the allegations in the numbered paragraphs of the Amended Complaint, and using the same paragraph numbering as the Amended Complaint, Defendants now state as follows:

1. The allegations in this paragraph consist of Plaintiffs' characterization of elements of their civil action, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. Defendants assert that the Court lacks jurisdiction except insofar as the Court has jurisdiction to review the final agency decision of the Secretary.

2. The allegations in this paragraph consist of Plaintiffs' characterization of elements of their civil action, to which no answer is necessary, but insofar as an answer may be

2

deemed to be required, Defendants deny the allegations.  Defendants assert that the Court lacks

jurisdiction except insofar as the Court has jurisdiction to review the final agency decision of the

Secretary.

3.       The allegations in this paragraph consist of Plaintiffs' characterization of

elements of their civil action, to which no answer is necessary, but insofar as an answer may be

deemed to be required, Defendants deny the allegations.  Defendants assert that the Court lacks

jurisdiction except insofar as the Court has jurisdiction to review the final agency decision of the

Secretary.

4.       Defendants deny the allegations in this paragraph.  Defendants assert that the

Court lacks jurisdiction except insofar as the Court has jurisdiction to review the final agency

decision of the Secretary.

5.       The allegations in this paragraph consist of Plaintiffs' characterization of

elements of their civil action, to which no answer is necessary, but insofar as an answer may be

deemed to be required, Defendants deny the allegations.  Defendants assert that the amount in

controversy is limited to the amount of any Medicare claims payments denied in the final

decision of the Secretary.  Defendants assert that the paragraph otherwise fails to state a claim

upon which relief can be granted.

6.       Defendants admit that Plaintiffs' civil action, insofar as elements of it are

properly before the Court, arises under the Medicare statute, Title XVIII of the Social Security

Act.  Defendants otherwise deny the allegations in this paragraph.

7.       Defendants admit that the Court has jurisdiction to review the final agency

decision of the Secretary of Health and Human Services ("Secretary") pursuant to 42 U.S.C. §

3

1395ff(b), which incorporates 42 U.S.C. § 405(g). Defendants otherwise deny the allegations in this paragraph.

8.      Defendants admit the allegations in this paragraph.

9.      The allegations in this paragraph consist of Plaintiffs' characterization of Plaintiffs' identity and status, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.

10.      The allegations in this paragraph consist of Plaintiffs' characterization of Plaintiffs' identity and status, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.

11.      Defendants admit the allegations in this paragraph.

12.      The allegations in this paragraph consist of Plaintiffs' characterization of the identity and status of a named defendant, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations, except Defendants admit that at times material to the allegations in the Complaint, CIGNA Government Services LLC has served as a Medicare contractor known as a carrier.    Defendants deny that the defendant named in this paragraph is properly named as a defendant in this suit.

13.      The allegations in this paragraph consist of Plaintiffs' characterization of the identity and status of a named defendant, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations, except Defendants admit that at times material to the allegations in the Complaint, AdvanceMed has served as a Program Safeguard Contractor.  Defendants deny that the defendant named in this paragraph is properly named as a defendant in this suit.

4

14.     The allegations in this paragraph consist of Plaintiffs' characterization of the identity and status of a named defendant, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations except Defendants admit that Q2 Administrators, Inc. is a contractor that conducts reviews at a specified level of the current Medicare administrative appeals process.    Defendants deny that the defendant named in this paragraph is properly named as a defendant in this suit.

15.     The allegations in this paragraph consist of Plaintiffs' characterizations of the Medicare program, its history, and its purpose, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.  Defendants respectfully refer the Court to 42 U.S.C. § 1395 et seq., for a full and accurate description of the scope of benefits available under Part A and Part B of the Medicare statute.

16.     The allegations in this paragraph consist of Plaintiffs' characterizations of aspects of the Medicare program and its purpose, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.

17.     The allegations in this paragraph consist of Plaintiffs' citation to, and Plaintiffs' recitation, characterization, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited statute.

18.     The allegations in this paragraph consist of Plaintiffs' characterization and construction of law and of elements of the Medicare program, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited statute.

19.     The allegations in this paragraph consist of Plaintiffs' characterization and construction of law and of elements of the Medicare program, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations, except Defendants acknowledge that the Secretary administers the Medicare program through an agency known as the Centers for Medicare & Medicaid Services ("CMS"), and that the Secretary contracts with private organizations for the administration of many of the day-to-day tasks of running the Medicare program, including processing Medicare claims, conducting integrity reviews of Medicare claims, and adjudicating certain levels of appeals in the Medicare administrative appeals process.

20.     The allegations in this paragraph consist of Plaintiffs' citation to and characterization of law, and characterizations of aspects of the operation and activities of the Medicare program, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited statutes and regulations.

21.     The allegations in this paragraph consist of Plaintiffs' citation to law and characterizations of aspects of Medicare administrative appeals, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with applicable law.

22.     The allegations in this paragraph consist of Plaintiffs' characterizations of aspects of the law on Medicare administrative appeals, and of Plaintiffs' application of aspects of Medicare administrative appeals to Plaintiffs' alleged Medicare claims, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the

6

allegations.

23.     The allegations in this paragraph consist of Plaintiffs' citation to law, and Plaintiffs' characterizations of aspects of the law on Medicare administrative appeals, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities.

24.     The allegations in this paragraph consist of Plaintiffs' citation to, and Plaintiffs' characterizations of law,  to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities.

25.     The allegations in this paragraph consist of Plaintiffs' characterizations of law and application of law to Plaintiff's appeals, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities.

26.     The allegations in this paragraph consist of Plaintiffs' citation to, characterization of, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities.

27.     The allegations in this paragraph consist of Plaintiffs' citation to, characterization of, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities.

28.     The allegations in this paragraph consist of Plaintiffs' citation to, and recitation,

7

characterization, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities. Defendants deny that the APA applies to Plaintiffs' suit.

29. The allegations in this paragraph consist of Plaintiffs' characterization and construction of law and of aspects of Medicare billing, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.

30. The allegations in this paragraph consist of Plaintiffs' citation to, and characterization and construction of law and of aspects of Medicare billing, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authority.

31. The allegations in this paragraph consist of Plaintiffs' citation to, and characterization of Medicare guidelines and of aspects of Medicare billing, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the referenced guidelines.

32. The allegations in this paragraph consist of Plaintiffs' characterization and application of aspects of Medicare billing to Plaintiffs' practice, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.

33. The allegations in this paragraph consist of Plaintiffs' citation to, and characterization and construction of, Medicare guidelines and of aspects of Medicare billing, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited guidelines.

34. The allegations in this paragraph consist of Plaintiffs' citation to, and

characterization and construction of, Medicare guidelines, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited guidelines.

35. The allegations in this paragraph consist of Plaintiffs' citation to, and characterization and construction of, Medicare guidelines, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited guidelines.

36. The allegations in this paragraph consist of Plaintiffs' characterization and construction of aspects of claims billing, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.

37. The allegations in this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities.

38. The allegations in this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authority.

39. The allegations in this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of law and Medicare program manual guidelines, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities and guidelines.

9

40.     The allegations in this paragraph consist of Plaintiffs' characterization and construction of law and Medicare program guidelines, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the referenced authorities and guidelines.

41.     The allegations in this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of Medicare program manual guidelines, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the referenced guidelines.

42.     The allegations in this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of Medicare program manual guidelines, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the referenced guidelines.

43.     The allegations in this paragraph consist of Plaintiffs' citation to, and characterization and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited regulation.

44.     The allegations in this paragraph consist of Plaintiffs' citation to, and characterization and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited regulation.

45.     The allegations in this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of Medicare program manual guidelines, to which no answer

10

is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the referenced guidelines.

46.     The allegations in this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of Medicare program manual guidelines, and Plaintiffs' characterization of aims and goals of rehabilitation treatment, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited guidelines.

47.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.

48.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.

49.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

50.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.

51.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.

52.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.

53.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.  Defendants assert that the Court lacks subject

matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

54.     The allegations in this paragraph consist of Plaintiffs' speculations, opinions, characterizations about alleged events and about alleged obligations, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.  Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

55.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.  Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

56.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.  Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

57.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.  Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

58.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations.  Defendants assert that the Court lacks subject

matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

59.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations. Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

60.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations. Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

61.     Defendants lack sufficient information to admit or deny in full the allegations in this paragraph, and hence deny those allegations. Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

62.     Defendants deny the allegations in this paragraph. With regard to the second sentence specifically, Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

63.     The allegations in this paragraph contain Plaintiff's characterization of certain reviews of claims, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks

13

subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

64.     The allegations in this paragraph contain Plaintiff's characterization of the outcome of certain reviews of claims, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.  To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

65.     The allegations in this paragraph contain Plaintiff's characterization of certain administrative appeals and their outcomes, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.  To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

66.     The allegations in this paragraph contain Plaintiff's quantification and characterization of certain administrative appeals and their outcomes, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.  To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

67.     The allegations in this paragraph contain Plaintiff's quantification and characterization of certain administrative appeals and their outcomes, to which no answer is

necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

68.     The allegations in this paragraph contain Plaintiff's quantification and characterization of certain administrative appeals and their outcomes, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

69.     The allegations in this paragraph contain Plaintiff's quantification and characterization of certain administrative appeals and their outcomes, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

70.     The allegations in this paragraph contain Plaintiff's quantification and characterization of certain administrative appeals and their outcomes, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

71.     Defendants deny the allegations in the first sentence of this paragraph. Defendants lack sufficient information to admit or deny in full the allegations in the second sentence of this paragraph, and hence deny those allegations.

72.     Defendants deny the allegations in the first sentence of this paragraph.  The allegations in the remainder of the paragraph consist of Plaintiffs' opinions and representations about aspects of their area of practice, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.    To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

73.     The allegations in this paragraph consist of Plaintiffs' representations, characterizations, and opinions about aspects of their area of medical practice and their Medicare billing practices, as well as a representation about an ALJ's comment, and to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the administrative record.

74.     Defendants lack sufficient information to admit or deny in full the allegations in the first sentence of this paragraph, and hence deny those allegations.  Defendants deny the allegations in the second and third sentences of this paragraph.

75.     This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations.  Defendants therefore incorporate their answers to the aforestated allegations, with the same force and effect as if fully set forth herein.

76.     The allegations in this paragraph consist of Plaintiffs' citation to, and recitation,

16

characterization, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations to the extent that they are inconsistent with the cited authorities.

77.     Defendants deny the allegations in this paragraph.

78.     Defendants deny the allegations in this paragraph.

79.     The allegations in this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.  Defendants assert that the APA does not apply to this civil action.

80.     Defendants deny the allegations in this paragraph.

81.     Defendants deny the allegations in this paragraph.  To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

82.     Defendants deny the allegations in this paragraph.

83.     Defendants deny the allegations in this paragraph.  To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

84.     This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations.  Defendants therefore incorporate their answers to the aforestated

allegations, with the same force and effect as if fully set forth herein.

85.     Defendants deny the allegations in this paragraph.

86.     The allegations in this paragraph consist of Plaintiffs' characterization of alleged legal and/or other requirements, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

87.     Defendants deny the allegations in this paragraph. To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

88.     Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

89.     Defendants deny the allegations in this paragraph. To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

90.     Defendants deny the allegations in this paragraph. To the extent that the

18

allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

91.     Defendants deny the allegations in this paragraph.  To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

92.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

93.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

94.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over any matter for which Plaintiffs have not received a final agency decision, and that Plaintiffs fail to state a claim upon which relief can be granted.

95.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

96.     Defendants deny the allegations in this paragraph.  Defendants assert that the

Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

97.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

98.     This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations.  Defendants therefore incorporate their answers to the aforestated allegations, with the same force and effect as if fully set forth herein.

99.     Defendants deny the allegations in this paragraph.

100.    Defendants deny the allegations in this paragraph.

101.    Defendants deny the allegations in this paragraph.

102.    Defendants deny the allegations in this paragraph.

103.    Defendants deny the allegations in this paragraph.

104.    Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

105.    Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

106.    This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations.  Defendants therefore incorporate their answers to the aforestated allegations, with the same force and effect as if fully set forth herein.

20

107. The allegations in this paragraph consist of Plaintiffs' characterizations of aspects of the operation of the Medicare program, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

108. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

109. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

110. The allegations in this paragraph consist of Plaintiffs' characterizations of aspects of the administration of the Medicare program, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.

111. The allegations in this paragraph consist of Plaintiffs' characterizations of aspects of the administration of the Medicare program, and alleged implications thereof, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

112. The allegations in this paragraph consist of Plaintiffs' characterizations of aspects of the administration of the Medicare program, and alleged implications thereof, to which no

answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

113.     Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

114.     Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

115.     Defendants deny the allegations in this paragraph.   Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

116.     Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

117.     Defendants deny the allegations in this paragraph.   Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

118.     Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

119.    Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

120.    Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

121.    This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations.  Defendants therefore incorporate their answers to the aforestated allegations, with the same force and effect as if fully set forth herein.

122.    Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

123.    Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

124.    Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

125.    Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

126.    Defendants deny the allegations in this paragraph.  Defendants assert that the

Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

127. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

128. This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations. Defendants therefore incorporate their answers to the aforestated allegations, with the same force and effect as if fully set forth herein.

129. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

130. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

131. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

132. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

133. This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations. Defendants therefore incorporate their answers to the aforestated

allegations, with the same force and effect as if fully set forth herein.

134.     The allegations in this paragraph consist of Plaintiffs' characterization of alleged legal and/or other requirements, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations.  To the extent that the allegations concern anything other than a review of the final decision of the Secretary, Defendants assert that the Court lacks subject matter jurisdiction, and that Plaintiffs fail to state a claim upon which relief can be granted.

135.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

136.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

137.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

138.     Defendants deny the allegations in this paragraph.  Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

139.     This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations.  Defendants therefore incorporate their answers to the aforestated allegations, with the same force and effect as if fully set forth herein.

140. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

141. The allegations in this paragraph consist of Plaintiffs' characterization of the purposes of the "Medicare reimbursement guidelines," to which no answer is necessary, but to the extent that an answer may be deemed to be required, Defendants deny the allegations in this paragraph.

142. The allegations in this paragraph consist of Plaintiffs' legal characterization of the relationship between Defendants and Plaintiffs, to which no answer is necessary, but to the extent that an answer may be deemed to be required, Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

143. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

144. Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

145. The allegations in the first sentence of this paragraph consist of Plaintiffs' characterization of the goal of their area of practice, to which no answer is necessary, but insofar as an answer is deemed to be required, Defendants deny the allegations. The allegations in the

26

remainder of this paragraph consist of Plaintiffs' citation to, and recitation, characterization, and construction of law, to which no answer is necessary, but insofar as an answer may be deemed to be required, Defendants deny the allegations. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

146.    Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

147.    Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

148.    Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

149.    Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

150.    This paragraph consists of Plaintiffs' re-allegation and incorporation of Plaintiffs' aforestated allegations. Defendants therefore incorporate their answers to the aforestated allegations, with the same force and effect as if fully set forth herein.

151.    The allegations in this paragraph consist of Plaintiffs' characterization of elements of their civil action, to which no answer is necessary, but insofar as an answer may be

deemed to be required, Defendants deny the allegations. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

152.    Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

153.    The allegations in this paragraph consist of Plaintiffs' characterization of Defendants' obligations, to which no answer is required, but to the extent that an answer may be deemed to be required, Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

154.    Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

155.    Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

156.    Defendants deny the allegations in this paragraph. Defendants assert that the Court lacks subject matter jurisdiction over anything other than a review of the final decision of the Secretary, and that Plaintiffs fail to state a claim upon which relief can be granted.

The remainder of the Amended Complaint consists of Plaintiffs' prayer for relief, to

which no answer by Defendants is required, but to the extent that an answer may be deemed to be required, Defendants deny the allegations in the remainder of the Amended Complaint.

Defendants deny anything not expressly admitted above.

WHEREFORE, having answered, and having contemporaneously filed a Motion to Dismiss Amended Complaint in Part, Defendants assert that the sole element of the Amended Complaint that is properly before the Court – i.e., Plaintiffs' request for judicial review of the final decision of the Secretary – is due to proceed on the basis of dispositive motions by the parties.  Accordingly, Defendants respectfully request that the Court set a briefing schedule for the filing of motions for summary judgment.

FURTHERMORE, Defendants pray for judgment in their favor and ask the Court to grant such other, further, and different relief as may be appropriate.

Respectfully submitted,

WILLIAM C. KILLIAN
United States Attorney

By:    */s/Robert C. McConkey, III*
Robert C. McConkey III (BPR #18118)
Assistant U.S. Attorney
Loretta S. Harber (BPR # 07221)
Assistant U.S. Attorney
United States Attorney's Office
Counsel for the Defendants
800 Market St., Suite 211
Knoxville, TN 37902
(865) 545-4167

Of Counsel:

Mark B. Childress, Acting General Counsel
Dana J. Petti, Chief Counsel, Region IV
Greg Bongiovanni, Assistant Regional Counsel
Office of the General Counsel
U.S. Department of Health and Human Services
Suite 5M60 Atlanta Federal Center
61 Forsyth St., SW
Atlanta, GA 30303-8909
Phone: (404) 562-7836

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system

*/s/Robert C. McConkey, III*
Robert C. McConkey, III