UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SOUTHERN REHABILITATION GROUP, P.L.L.C., d/b/a OCCUPATIONAL, ALTERNATIVE & REHABILITATIVE SERVICES, P.C., and JAMES P. LITTLE, M.D., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO.: 2:09-CV-226 |
| SYLVIA M. BURWELL, Secretary of the United States Department of Health and Human Services, | ) ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

The defendant, Secretary of the United States Department of Health and Human Services Sylvia M. Burwell (the "Secretary"),[1] in her official capacity, filed a post-remand Motion for Judgment on the Pleadings, [Doc. 90]. The plaintiffs have responded, [Doc. 92], and the defendant replied, [Doc. 94]. The matter is ripe for review.[2] The only remaining issue for this Court to decide as a result of the Sixth Circuit's opinion, *see S. Rehab. Grp v. Sec'y of HHS*, 732 F.3d 670 (6th Cir. 2013), is whether any interest is due under the "clean claims" provision of the Medicare statute, 42 U.S.C. § 1395u(c)(2), on some or all of the 6,200 claims for Medicare reimbursement for which Plaintiffs sought review of the Secretary's final agency decision, and which were subsequently paid by the Secretary on remand from this Court. For the reasons that

---

[1] Sylvia M. Burwell is the current Secretary. Pursuant to Federal Rule of Civil Procedure 25(d), Secretary Burwell is substituted for former Secretary and named-defendant Kathleen Sebelius as the defendant in this action. Pursuant to the Court's previous orders and the Sixth Circuit Court of Appeal's decision, *S. Rehab. Grp v. Sec'y of HHS*, 732 F.3d 670 (6th Cir. 2013), the Secretary is the only remaining defendant in this action.

[2] In the Response, the plaintiffs requested oral argument. The record is more than sufficient for the Court to make its determination without oral argument. The request is DENIED. Furthermore, the plaintiffs argue that the motion is "premature." Considering the procedural posture of this case, denying the motion as premature would elevate form over substance. This request, too, is DENIED.

follow, this Court decides that no interest is due under the clean claims provision, and the Secretary's motion is GRANTED.

**I. FACTS**

The Court will not rehash the facts and procedural history once again. They are fully set out in the Sixth Circuit's opinion. *See* 732 F.3d at 672-76.

**II. STANDARD OF REVIEW**

Summary judgment is proper where Athe pleadings, "the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a

2

sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is Amerely colorable,@ or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

### III. ANALYSIS

Again, the only remaining issue for this Court to decide as a result of the Sixth Circuit's opinion, *see S. Rehab. Grp v. Sec'y of HHS*, 732 F.3d 670 (6th Cir. 2013), is whether any interest is due under the "clean claims" provision of the Medicare statute, 42 U.S.C. § 1395u(c)(2), on some or all of the 6,200 claims for Medicare reimbursement for which Plaintiffs sought review of the Secretary's final agency decision, and which were subsequently paid by the Secretary on remand from this Court. No interest is payable by the Federal Government except where Congress has expressly authorized it. *Library of Congress v. Shaw*, 478 U.S. 310, 315 (1986). Medicare is a statutory program, which administers federal funds and which is subject to the exclusive remedial scheme set out in the Medicare Act itself.

3

As stated, plaintiffs rely upon the "clean claims" provision of the Medicare statute, at 42 U.S.C. § 1395u(c)(2)(C) to support their claim for interest. [Doc. 49, pg. 2]. The "clean claims" provision is concerned with the promptness of Medicare claims processing, and provides for payment of interest when "clean claims" are not processed on a timely basis. *Id.*; *see* 42 C.F.R. § 405.922 (interest on clean claims payable when initial claim determination is not made promptly). This section states:

> (B)(i) The term 'clean claim' means a claim that has no defect or impropriety (including any lack of any required substantiating documentation) or particular circumstance requiring special treatment that prevents timely payment from being made on this claim under this part.
>
> (ii) The term "applicable number of calendar days" means—
>
> (V) 30 calendar days.
>
> (C) If payment is not issued, mailed, or otherwise transmitted within [30 days] after a clean claim is received, interest shall be paid . . . for the period beginning on the day after the required payment date and ending on the date on which payment is made.

42 U.S.C. § 1395u(c)(2)(B) and (C).

The Sixth Circuit interpreted this section in *Southern Rehabilitation Group* and opined:

> Congress placed only two limitations on the payment of interest under the clean-claims provision. First, the claim must be clean, meaning it has no "defects or improprieties." 42 U.S.C. § 1395u(c)(2)(B)(i). Second, if the claim is clean, interest is automatically due if the claim is not paid "within [30 days] after the ... claim is received." 42 U.S.C. § 1395u(c)(2)(C). That's it. There are no further limitations in Congress's express language. This makes sense given that the purpose of the statute is to incentivize prompt payments. Section 1395u(c) is titled "Prompt payment of claims." And the Secretary admits that the clean-claims provision is solely "concerned with promptness in the processing of Medicare claims for payment. . . ." Appellee Br. at 46. Accordingly, Congress clearly encouraged this efficiency through

4

> its limited waiver of immunity *requiring* interest payments on any clean claim not paid within 30 days.
>
> . . . .
>
> . . . Congress waived immunity by allowing interest on any clean claims not paid within 30 days. Period. The waiver was not conditioned on whether the claim was initially denied and later paid on appeal. And Congress certainly did not make an exception for initial denials made outside of the 30–day period.

*S. Rehab. Grp.*, 732 F.3d at 685-86.

This Sixth Circuit went on to hold:

> The Secretary's interpretation of the statute [in the Secretary's Claims Manual] narrows Congress's waiver and in doing so directly conflicts with the purpose of the statute. We therefore conclude that her interpretation is unpersuasive and unreasonable. The district court erred by concluding that the Medicare Claims Manual's interpretation of the clean claims provision was controlling and that on this basis plaintiffs were not entitled to interest as a matter of law.
>
> On summary judgment, it was the Secretary's burden to show that no genuine issue of material fact exists as to plaintiffs' claim for interest. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. 2548. But she cannot rely on her unreasonable interpretation of the clean-claims statute as a basis for summary judgment. In order to be entitled to summary judgment, she would presumably have to show that plaintiffs' claims were not clean claims denied outside of the 30–day window. 42 U.S.C. § 1395u(c)(2)(C). On remand, the district court should address whether interest is due on some or all of the 6,200 claims for reimbursement that plaintiffs appropriately brought before the district court. Any interest due on plaintiffs' 8,900 other claims can be addressed by the Secretary when plaintiffs exhaust those claims.

*S. Rehab. Grp.*, 732 F.3d at 686-87.

While this Court will follow the Sixth Circuit's instructions, as it must, it appears that the Sixth Circuit may have oversimplified the analysis. The Sixth Circuit states that "the claim must be clean, meaning it has no 'defects or improprieties' . . . [and] if the claim is clean, interest is

5

automatically due if the claim is not paid 'within [30 days] after the . . . claim is received.' That's it." *Id*. at 686. However, there is more to the analysis. The statute is written in the disjunctive. Thus, to determine whether a claim is clean, this Court must determine whether the claim is free of defects or improprieties OR whether the claim involves a "particular circumstance requiring special treatment that prevents timely payment." 42 U.S.C. § 1395u(c)(2)(B)(i). The Sixth Circuit does not mention this category. However, it is this particular category in which these claims fall.

The plaintiffs raise many forceful arguments to the contrary. The Court has considered each of these artful arguments. Nonetheless, they are unsuccessful. Despite these arguments, the case is simplified greatly when this Court considers the language of the statute itself and its legislative history.

The Seventh Circuit has interpreted the plain language of the statute and defined "clean claim" as follows:

> A "clean claim" is one "that has no defect or impropriety (including any lack of any required substantiating documentation) or particular circumstance requiring special treatment that prevents timely payment[.]" 42 U.S.C. § 1395u(c)(2)(B)(1). By the plain text of § 1395ff(a)(2)(B), claims requiring "special treatment that prevents timely payment from being made" under § 1395u(c)(2) are exempt from compliance with this deadline. Because claims subject to fraud review are not clean claims, they are not subject to any mandatory time frame for payment. 42 U.S.C. § 1395u(c)(2); *see* 42 C.F.R. § 405.902.

*Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 591 (7th Cir. 2014). This decision affirmed the lower court that had stated, "Claims subject to investigation or pre-payment and medical review are not clean claims and are not subject to a mandatory timeframe for payment." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Sebelius*, No. 13 C 4926, 2014 WL 1245257, at *1 (N.D. Ill. Mar. 26, 2014) *aff'd sub nom. Ctr. for Dermatology & Skin Cancer,* 770

6

F.3d at 591 (citing 42 U.S.C. § 1395u(c)(2); *see* 42 C.F.R. § 405.902). Importantly, the legislative history indicates that the Congress did not intend for clean claims to be ones that are subject to "special treatment," such as medical review." H.R. REP. NO. 99-727, at II Subtitle C., Part 2 (July 28, 1986).

Here, the claims before the Court were subject to prepayment medical review. *See* 42 U.S.C. § 1395*l*(e); *see also Farkas v. Blue Cross & Blue Shield of Michigan*, 24 F.3d 853, 854 n.1 (6th Cir. 1994). The limited issue before this Court on remand is neither whether these claims should have been placed on prepayment medical review nor whether the procedural or substantive framework for this determination is correct. Rather, the issue is whether these claims, which were subject to prepayment medical review, constitute clean claims so as to allow the payment of interest. The answer is no because prepayment medical review claims **require** special treatment that prevents timely payment from being made on these claims; thus, interest is precluded pursuant to the statute. Instead, these special treatment claims are to be processed pursuant to section 1395ff(a)(2)(A). In sum, the plaintiffs are not entitled to the payment of interest because the prepayment medical review claims do not qualify as "clean claims."

## IV. CONCLUSION

For the reasons stated above, the motion is GRANTED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
